IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLARISSE SWEAT  )  <br> ) <br> Plaintiff,  ) Case No. 3:10-cv-0589 <br> ) <br> v.  ) JUDGE SHARP <br> ) <br> JOE SHELTON,  ) MAGISTRATE JUDGE KNOWLES <br> ) <br> Defendant.  ) | |

## AFFIDAVIT OF ALEXANDER JASON

**STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

Alexander Jason makes oath as follows:

1. I am over 18 years of age, and I am otherwise competent to opine on the issues set out in this affidavit.

2. Exhibit 1 to this affidavit is my expert report dated June 29, 2011, and entitled "Shooting Incident Analysis." I prepared this report relying on my own education, training, and research. The information contained therein is accurate to the best of my knowledge, information, and belief.

3. My qualifications to offer an opinion in this matter are set out on pages 1 and 2 of the report. My CV, my fee schedule, and a list of my prior cases are included at the end of the report.

4. On page 2 of the report, I have listed the documents and things I reviewed to assist me in preparing the report. I also have spoken with Officer Joe Shelton by telephone and

in person, and I have visited the site of the incident of March 12, 2010 that is the subject of this lawsuit.

5. My report contains several opinions, along with the basis for each opinion. The opinions are as follows:

   a. The decedent's wound paths [in the right back] are consistent with the decedent being in front of Ofc Shelton and then rotating to his left while being shot. (See p. 4 of report for opinion and basis.)

   b. The condition of the black and grey T-shirts worn by the decedent is consistent with Ofc. Shelton's description of some distance between him and the decedent when he fired the three shots. None of the shots were fired at contact or near contact range. (See p. 4 of report for opinion and basis.)

   c. The length and width dimensions of the "I-Pod Touch" [recovered near the decedent's body] are similar to the dimensions of small, semi-auto pistols such as the Raven .25 auto. While held or covered with a hand inside a pocket, the "I-Pod Touch," a person using fingers to perceive the object from outside the pocket would not be able to easily distinguish the "I-Pod Touch" from a small handgun. (See pp. 5 of report for opinion and basis, including illustrative color photograph.)

   d. The appearance of a partially visible reflective metal object like an "I-Pod Touch" can strongly resemble the appearance of a small chromed, nickel, or stainless steel pistol. (See pp. 6-8 of report for opinion and basis, including illustrative color photographs.)

e. If, as Ofc Shelton perceived, the decedent was withdrawing a handgun from his right front pocket, his response (drawing and firing) was necessary to prevent the decedent from turning and shooting him. (See pp. 8-9 of report for opinion and basis, including discussion shooting dynamics.)

f. The physical evidence is consistent with a restrained use of deadly force by Ofc Shelton. (See pp. 9-10 of report for opinion and basis.)

g. Several of plaintiff expert Phillip Davidson's opinions are incorrect and display a serious lack of knowledge regarding shooting dynamics and firearm/ammunition performance. (See pp. 10-15 of report for opinion and basis, including illustrative photographs and an explanation of my research showing how quickly a suspect facing away from an officer can pull a pistol from his pocket and fire without turning to face the officer.)

_____
ALEXANDER JASON

Sworn to and subscribed before me
_____
NOTARY PUBLIC
on the 29th day of March, 2012.
My commission expires: 2/5/13



MICHAEL NOE
Commission # 1834944
Notary Public - California
Contra Costa County
My Comm. Expires Feb 5, 2013